UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS COLLEGE OF BUSINESS, INC.,

    Plaintiff,

v.                                                                            Case No. 07-CV-13509

THE HIGHER LEARNING COMMISSION,

    Defendant.
                                                         /

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY
RESTRAINING ORDER AND SETTING STATUS CONFERENCE**

On August 21, 2007, Plaintiff Lewis College of Business, Inc. filed its "Verified Complaint for Injunctive Relief" and "Motion for the Issuance of a Temporary Restraining Order," requesting that the court issue a restraining order to reverse Defendant The Higher Learning Commission's decision withdrawing Plaintiff's accreditation.

When evaluating a petition for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 provides in relevant part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must

consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]."  *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).  These factors are "interrelated considerations that must be balanced together," not independent prerequisites.  *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]."  *Id.* (citing *Griepentrog*, 945 F.2d at 153).

Plaintiff fails to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party or that party's attorney can be heard in opposition."  Fed. R. Civ. P. 65(b)(1).  Although Plaintiff will presumably suffer injury by the loss of accreditation, as its eligibility for certain funding is contingent upon its accredited status, Plaintiff has failed to show that the injury rises to the level of being irreparable.  Further, Plaintiff is unable to demonstrate a strong likelihood of success on the merits.  Plaintiff has not shown that Defendant's decision to withdraw Plaintiff's accreditation was arbitrary or capricious, in violation of Defendant's rules or policies, or in violation of Plaintiff's due process rights.  Defendant first notified Plaintiff of its concerns that Plaintiff was in danger of losing its accreditation over a year before Defendant made the decision to withdraw Plaintiff's accreditation.  During that year, Plaintiff was given the opportunity to respond to Defendant's concerns by submitting documentation in support of its position and Defendant also provided Plaintiff with a

hearing. Plaintiff was also given the opportunity to appeal Defendant's decision, which it did, albeit unsuccessfully. The fact that Plaintiff's efforts to address Defendant's concerns were not met with success does not necessitate a finding that Defendant's decision was arbitrary and capricious or otherwise in violation of Plaintiff's due process rights. Moreover, even assuming that granting the TRO would not cause substantial harm to others and that the public interest would be served by granting the TRO, the balance of the factors leads the court to a finding that a TRO is unwarranted. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Issuance of a Temporary Restraining Order" is DENIED.

IT IS FURTHER ORDERED that Plaintiff serve Defendant with all of the pleadings in this case, including this order.

IT IS FURTHER ORDERED that the parties appear before the court for an in-person status conference on **August 28, 2007 at 3:30 p.m.** Party representatives with full settlement authority are DIRECTED to appear. The court will discuss scheduling issues, including the scheduling of a preliminary injunction hearing. In the interim, the parties are urged to consider the possibility of an amicable resolution of this case.

s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: August 23, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 23, 2007, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>
Case Manager and Deputy Clerk<br>
(313) 234-5522